UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANE G. NOVOTNEY, | ) |
| Plaintiff, | ) No. CV-09-0318-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

BEFORE THE COURT are cross-motions for summary judgment, noted for hearing without oral argument on August 27, 2010. (Ct. Rec. 14, 16). Plaintiff Shane G. Novotney ("Plaintiff") filed a reply brief on August 12, 2010. (Ct. Rec. 18). Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner"). The parties have filed a consent to proceed before a magistrate judge. (Ct. Rec. 7). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14).

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and an application for Supplemental Security Income ("SSI") benefits on April 24, 2007, alleging disability

ORDER GRANTING DEFENDANT'S MOTION . . . . ~ 1

since June 20, 1994.[1]  The applications were denied initially and on reconsideration.  Administrative hearings were held before Administrative Law Judge ("ALJ") Paul L. Gaughen on March 24, 2009 and May 13, 2009.  (AR 29-93).  On June 4, 2009, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 76-88).  The Appeals Council denied Plaintiff's request for review on September 24, 2009.  (AR 1-3).  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed an action for judicial review pursuant to 42 U.S.C. § 405(g) on October 19, 2009.  (Ct. Rec. 2).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, and the parties' briefs and will only be summarized here.  Plaintiff was 31 years old on October 1, 2005, the alleged onset date.  Plaintiff stopped attending school in the seventh grade.  Plaintiff has also not received his GED.  Plaintiff's past work experience includes work as a kitchen helper, a cook helper, a fast foods worker, and a maid or housekeeping cleaner.  (AR 91).  Plaintiff alleges disability as of October 1, 2005, due to "mental disorders" and ailing physical health.  (AR 61).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] At the administrative hearing held on May 13, 2009, Plaintiff amended his onset date to October 1, 2005.  (AR 33).

ORDER GRANTING DEFENDANT'S MOTION . . . . ~ 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is

conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work he has performed in the past.  If Plaintiff is able to perform his previous work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of his residual functional capacity and his age, education and past work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### **STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

(9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839

F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## **ALJ'S FINDINGS**

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date. (AR 78).  At step two, the ALJ determined that Plaintiff had the severe impairments of borderline intellectual functioning and diabetes mellitus.  (AR 78-79).

At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a Listings impairment.  (AR 79-80).  The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels.  (AR 80).  However, he indicated that Plaintiff would have the following nonexertional limitations: (1) Plaintiff can read, understand, and apply 1 to 3 step instructions; however, he would have moderate delays in learning instructions involving 4 or more steps; (2) Plaintiff could not persistently do work requiring significant higher level or sophisticated level of social interaction, including collaborative endeavor with coworkers and others, but he can engage in perfunctory interaction, including greeting the retail public; (3) Plaintiff can do basic work activities, except those requiring the ability to adapt to significant changes in the work setting, work requiring Plaintiff

to set his own schedule, and work requiring unusual work stressors such as traveling extensively on his own or engaging in extensive customer contacts in a retail-type setting; and (4) Plaintiff can meet basic work requirements with a well learned routine, a predictable work setting, and where occasional demonstrations of difficulty or attention getting behavior will not distract other from their endeavors.

At step four of the sequential evaluation process, the ALJ determined that Plaintiff could perform his past relevant work as a cleaner housekeeping and kitchen helper. (AR 87). Accordingly, the ALJ determined at step four of the sequential evaluation process that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 76-88).

**ISSUE**

Plaintiff argues that he was more limited from a psychological standpoint than as determined by the ALJ. (Ct. Rec. 15 at 12-20).

**DISCUSSION**

Plaintiff asserts that the ALJ failed to properly evaluate the medical evidence of record with respect to his mental health. Plaintiff contends, without specificity, that his severe mental impairments include more than just borderline intellectual functioning, and that the ALJ erred by rejecting the opinions of Drs. Mabee and Brown and not properly considering the opinions of the medical expert, Dr. McKnight. (Ct. Rec. 15 at 12-20; Ct. Rec. 18). The Commissioner responds that the ALJ appropriately evaluated the medical evidence of record and properly concluded, at step four, that Plaintiff was not disabled. (Ct. Rec. 17).

ORDER GRANTING DEFENDANT'S MOTION . . . . ~ 7

## A. Severe Impairments

The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. Plaintiff has the burden of proving that he has a severe impairment. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows that he is disabled. 20 C.F.R. § 416.912(a). In the absence of objective evidence to verify the existence of an impairment, the ALJ must reject the alleged impairment at step two of the sequential evaluation process. SSR 96-4p.

Plaintiff has at no time alleged a specific severe mental impairment; not at the time of his application for benefits, not at the time of his administrative hearing, and not on review before this Court. Plaintiff has merely alleged that he is disabled due to "mental disorders" and ailing physical health. (AR 61). Therefore, Plaintiff has not specifically identified an alleged severe mental impairment for the Court to consider.

In this case, the ALJ concluded that Plaintiff has the severe mental impairment of borderline intellectual functioning. (AR 78-79). The ALJ evaluated the evidence of record, considered the hearing testimony of Plaintiff and the medical expert and concluded that Plaintiff did not have any other severe, medically determinable mental impairments. In making this conclusion, the ALJ determined that Plaintiff's statements concerning the

intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. This credibility determination is not challenged by Plaintiff on appeal.

The ALJ's step two determination, that Plaintiff has the severe mental impairment of borderline intellectual functioning, is supported by the substantial weight of the record evidence. The record does not demonstrate that Plaintiff has other specific mental impairments which significantly limit his ability to do basic work activities.

**B.  Physician Opinions**

The ALJ found that while Plaintiff has borderline intellectual functioning, he is able to perform basic mental work activities such as understanding, remembering and carrying out simple instructions; making simple, work-related decisions; and responding appropriately to supervisors, co-workers, and usual work situations. (AR 81). In making this determination, the ALJ indicated that the record shows Plaintiff has repeatedly exaggerated his symptoms during examinations. (AR 82). As noted above, the ALJ's credibility determination is not challenged in this case.

On April 25, 2006, Plaintiff was evaluated by Abrigail Osborne-Elmer, M.S., under the supervision of Dr. Kayleen Islam-Zwart, Ph.D. (AR 225-234). Plaintiff was diagnosed with malingering with a possible diagnosis of borderline intellectual functioning. (AR 226). Plaintiff's performance on the Trail Making Tests were likely due to malingering, and the results of the MMPI-2 suggested his profile was invalid due to over reporting

psychopathology. (AR 231-232). The results of the MACE test indicated he was purposefully attempting to appear impaired and the Rey Fifteen Item Memory Test was indicative of memory malingering. (AR 233). It was noted that his results could not be interpreted due to malingering. (AR 233, 234).

On May 19, 2007, Plaintiff was examined by Dr. Debra Brown, Ph.D. (AR 235-243). Plaintiff was diagnosed with Dysthymia, Anxiety, NOS, Borderline Intellectual Functioning, and Personality Disorder, NOS, antisocial. (AR 236, 242). The PAI indicated a possible exaggeration of complaints and problems, but not to the extent that the test results could not be interpreted. (AR 240). Dr. Brown indicted that Plaintiff "has demonstrated he can work in a very minimally skilled job such as washing dishes or perhaps preparing items to be cooked in a restaurant." (AR 243). Nevertheless, Dr. Brown opined that it was unlikely that Plaintiff will hold down any permanent employment. *Id*.

On June 26, 2007, Dr. James Bailey, Ph.D., reviewed the record and filled out a Psychiatric Review Technique form. (AR 244-257). Dr. Bailey noted a dysthymic disorder, borderline IQ, Anxiety NOS, and antisocial personality disorder. (AR 247-251). He found Plaintiff to have mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace. (AR 254). However, Dr. Bailey opined that Plaintiff could do simple repetitive tasks, concentrate on concrete tasks, work around others but not with high levels of cooperation, have superficial public and coworker contact, and respond to simple goals set by others. (AR 260). On September

27, 2007, Dr. Edward Beaty, Ph.D., reviewed the file and concurred with Dr. Bailey's June 26, 2007 findings. (AR 331).

On June 10, 2008, Plaintiff was again examined by Dr. Brown. (AR 333-342). Plaintiff was diagnosed with Post-traumatic Stress Disorder, Dysthymic Disorder, Alcohol Dependence, sustained full remission, by self report, and Personality Disorder, NOS, with antisocial features. (AR 342). Again, the PAI was invalid showing an over-reporting of psychopathology and suggesting symptom exaggeration. (AR 342). The doctor indicated that despite Plaintiff's level of intelligence, "many individuals with this level of intelligence are capable of gainful employment." (AR 342). He stated that "[a]lthough a year ago, it appeared that Mr. Novotney was permanently disabled, this time, with the invalid PAI we have some question as to the validity of his complaints." (AR 342). Dr. Brown opined there was insufficient evidence to show that Plaintiff was unemployable.

On August 4, 2008, Plaintiff was evaluated by Amy Robinson, M.S., under the supervision of Dr. W. Scott Mabee, Ph.D. (AR 437-448). Plaintiff indicated he last used alcohol and marijuana two months prior to the evaluation. (AR 443). It was noted that the PAI was administered with test results potentially involving considerable distortion. (AR 444). Nevertheless, Plaintiff was diagnosed with Major Depressive Disorder, Recurrent, Severe with Psychotic Feature, in remission and controlled with medication; Alcohol Dependence, Early Full Remission/Cannabis Abuse, Early Full Remission; Anxiety Disorder, NOS; and Personality Disorder, NOS with Borderline and Antisocial Features/Borderline Intellectual Functioning. He was given a GAF score of 55 to 60,

suggesting he was having moderate difficulties interacting appropriately and meaningfully with others. (AR 445).

Dr. R. Thomas McKnight, Ph.D., testified as a medical expert at the administrative hearing held on May 13, 2009. (AR 36-59). Dr. McKnight indicated that testing suggested Plaintiff was functioning within the borderline range for measured intellectual ability. (AR 36). He stated that malingering and invalid test results were referred to repeatedly in the record. Dr. McKnight testified that Plaintiff is "clearly overstating the difficulty in a variety of areas." (AR 44). He agreed that Plaintiff was not likely to hold down permanent employment, but qualified the opinion by indicating "not that he can't, it's just that he's not likely to." (AR 52-53). With respect to Dr. Mabee's report, Dr. McKnight testified that he disagreed with many of the findings, because it did not address the issue of the invalid PAI, which is grossly overstating pathology while significantly understating competency, and states that Plaintiff has difficulty following one or two step instructions, while Plaintiff had to follow two and three step instructions throughout that examination. (AR 56-57).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes*, 881 F.2d at 751. If evidence supports more than one rational interpretation, the Court must uphold the decision of the ALJ. *Allen*, 749 F.2d at 579. It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. The Court may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

1    The ALJ properly discounted the assessments of Dr. Brown.
2 (AR 86).  With regard to the May 19, 2007 report, the ALJ
3 indicated that no consideration was given to the effects of
4 Plaintiff's substance abuse.  Furthermore, the PAI results
5 indicated Plaintiff was exaggerating his symptoms, but no
6 consideration was given to the validity of Plaintiff's complaints.
7 (AR 86).  As to Dr. Brown's June 10, 2008 report, Plaintiff's
8 invalid PAI was taken into consideration, and it was noted the
9 results of that test raised some questions as to the validity of
10 Plaintiff's complaints.  With respect to this examination, it was
11 noted that there was insufficient evidence to show that Plaintiff
12 was unemployable.  (AR 86).
13    The ALJ also properly discounted Dr. Mabee's report.  (AR
14 87).  The ALJ noted that, again, the invalid PAI score was not
15 considered.  *Id*.  The ALJ found that Plaintiff's reported symptoms
16 were not consistent with his treatment records which indicated
17 improvement of symptoms with treatment and medication.  (AR 87).
18 The ALJ indicated that some of the symptoms reported to Dr. Mabee
19 were not reported elsewhere in the record, which further indicated
20 Plaintiff was exaggerating his symptoms in effort to obtain
21 benefits.  (AR 87).
22    The ALJ instead relied on the opinion of Dr. Bailey, which
23 was affirmed by Dr. Beaty.  (AR 85).  Furthermore, Dr. Bailey's
24 opinion is consistent with the testimony of Dr. McKnight.
25 Contrary to Plaintiff's arguments, the record does not support
26 more restrictive psychological findings in this case.  The ALJ's
27 RFC determination is in accord with the weight of the record
28 evidence.  The ALJ appropriately evaluated the medical evidence of

record and properly concluded, at step four, that Plaintiff was capable of performing his past relevant work.

### **CONCLUSION**

This Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.  Having reviewed the record and the ALJ's conclusions, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff is thus not disabled within the meaning of the Social Security Act.  Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment (**Ct. Rec. 14**) is **DENIED**.

2.   Defendant's Motion for Summary Judgment (**Ct. Rec. 16**) is **GRANTED**.

3.   The District Court Executive is directed to enter judgment in favor of Defendant, file this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** this file.

**IT IS SO ORDERED.**

**DATED** this ___7th___ day of October, 2010.

            *S/James P. Hutton*
            JAMES P. HUTTON
          UNITED STATES MAGISTRATE JUDGE